**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.M.-1, K.M.-2, and R.M.**

**No. 23-433** (Boone County CC-03-2022-JA-9, CC-03-2022-JA-10, and CC-03-2022-JA-47)

**MEMORANDUM DECISION**

Petitioner Mother S.M.[1] appeals the Circuit Court of Boone County's June 5, 2023, order terminating her parental, custodial, and guardianship rights to the children, arguing that the circuit court erred by denying her motion for a post-dispositional improvement period and terminating her rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2022, the DHS filed a petition alleging that the home in which the children lived was in deplorable condition and K.M.-1 often had lice, infections, and overall poor hygiene. The petition noted that a Child Protective Services ("CPS") case was previously opened, and an in-home safety plan was implemented in October 2021. The petition also alleged that the petitioner's brother-in-law, who lived in the home, was arrested for sexually abusing K.M.-1 after confessing to law enforcement. Further, the petition alleged that the petitioner and the father knew about the sexual abuse and failed to protect the child.

Beginning in June 2022, the court held a series of adjudicatory hearings culminating in a final hearing in December 2022, at which the court adjudicated the petitioner of abusing and

---

[1] The petitioner appears by counsel Alexander Meade. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Allison K. Huson appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because two children share the same initials, we refer to them as K.M.-1 and K.M.-2.

1

neglecting the children.[3] Witnesses testified that K.M.-1 and K.M.-2's hygiene was routinely poor and the home was dirty, infested with rodents and insects, and smelled of marijuana. Notably, the father testified that the children were at the home with the petitioner, who slept most of the day, and his brother, who was arrested for sexually abusing K.M.-1. The West Virginia State Trooper who investigated the sexual abuse allegations testified, recounting his conversation with the petitioner where she expressed suspicion regarding her brother-in-law's relationship with K.M.-1. The trooper further testified that the father claimed to have confronted his brother about the abuse. The therapist who met with K.M.-1 testified that the then-five-year-old child made multiple disclosures of sexual abuse at the hands of the petitioner's brother-in-law and stated that "everybody knew" about the abuse. In consideration of the evidence, the court found that the conditions of the home and K.M.-1 and K.M.-2's poor hygiene constituted neglect. The court further found by clear and convincing evidence that the petitioner and the father knew of the sexual abuse but "turned a blind eye," constituting abuse on their part. Thus, the court adjudicated the petitioner and the father of abusing and neglecting the children. In January 2023, the petitioner filed a written motion requesting a post-dispositional improvement period.

In April 2023, the court held two dispositional hearings, at which a CPS employee testified that the petitioner was not receptive to any services, submitted multiple drugs screens that were positive for marijuana and alcohol, cancelled numerous visits with the children, and cancelled her parental fitness evaluation appointments at least twice. The witness further testified that the conditions in the home had worsened throughout the proceedings and at her visit the day prior, she observed alcohol bottles, drug paraphernalia, and damage to the home. In the following order, the court found that the petitioner admitted that "something" happened to K.M.-1 but testified that she was unsure if she did anything wrong. The court further found that this acknowledgement was untimely and, regardless, the conditions that prompted the filing of the petition were unlikely to be resolved. The court determined that there was no reasonable likelihood that the conditions could be corrected in the near future, and termination of the petitioner's rights was in the children's best interests. The court also concluded that an improvement period was inappropriate given the petitioner's failure to acknowledge the conditions of abuse and neglect. Ultimately, the court terminated the petitioner's parental, custodial, and guardianship rights. It is from the dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the court's denial of her motion for a post-dispositional improvement period was unsupported by the record. To receive an improvement period, the petitioner must, among other things, demonstrate she is likely to fully participate in the improvement period. *See* W. Va. Code § 49-4-610(3)(B). Additionally, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the

---

[3] R.M. was born on July 8, 2022. Thus, the DHS filed an amended petition on July 11, 2022, alleging drug use and overall poor conditions in the home.

[4] The father's parental, custodial, and guardianship rights were also terminated. The permanency plan is adoption in the current placement.

child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, the court found that the petitioner failed to acknowledge her role in the abuse and neglect of the children, thus, an improvement period would have been an exercise in futility. The petitioner contends that she acknowledged the abuse, however, the purported acknowledgement to which she refers is her testimony that "something" happened to K.M.-1 but that she was unsure if she did anything wrong. Further, the record shows that the petitioner failed to abstain from alcohol or participate in visitations and a parental fitness evaluation and, critically, permitted the conditions of the home to deteriorate during the proceedings, demonstrating that improvement would be unlikely. As such, we conclude that the court did not abuse its discretion in denying the petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that circuit courts have discretion to deny an improvement period when no improvement is likely).[5]

Second, the petitioner argues that termination of her parental, custodial, and guardianship rights was erroneous because the circuit court based its decision on the father's failure to acknowledge the conditions of abuse and neglect. However, it is clear that the circuit court based its decision upon the inability of the petitioner, not the father, to substantially correct the conditions of abuse and neglect. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Contrary to her contention that termination was based solely upon the father's refusal to acknowledge the abuse, the court found that the petitioner also failed to admit to any wrongdoing and that her statements at the dispositional hearing that "something" happened to K.M.- 1 and her uncertainty as to whether she did anything wrong were insufficient. Further, the court properly found that termination of the petitioner's parental rights was in the best interests of the children. Based upon ample evidence, the court terminated the petitioner's rights, and we decline to disturb its findings.[6]

---

[5] Within this assignment of error, the petitioner argues that the court erred by failing to grant her motion for an improvement period because it made no factual findings regarding her likeliness to participate. However, this argument is unsupported by the record, as the court found that the conditions of abuse and neglect were unlikely to abate due to the petitioner's untimely and tenuous acknowledgment of the abuse and that an improvement period was inappropriate due to the petitioner's hollow acknowledgement. These findings support the court's conclusion that the petitioner was unlikely to participate in an improvement period.

Additionally, the petitioner briefly argues that the court did not make factual findings to support its conclusion that there were aggravated circumstances. However, the court found that the petitioner knowingly exposed K.M.-1 to sexual abuse, a situation in which the DHS is absolved of its responsibility to make reasonable efforts at reunification. *See* W. Va. Code § 49-4-604(c)(7). Even more importantly, the record shows that the DHS nonetheless made reasonable efforts despite not being obligated. Accordingly, the petitioner is entitled to no relief.

[6] The petitioner also argues that the court did not make sufficient findings to support its determination that the children's best interests required termination because it failed to consider whether there was a bond between herself and the children. However, the petitioner cites to *In re*

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 5, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: September 24, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

*Christina L.*, which is inapplicable because it addresses post-termination visitation. *See* Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (directing circuit courts to consider a close emotional bond between parent and child when deciding whether visitation is in the child's best interests). Because the authority upon which the petitioner relies does not apply to termination of a parent's rights, she is entitled to no relief.

4